UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Candice A. Johnson,<br>    Plaintiff,<br><br>          v.<br><br>State of South Carolina; SC Department of Corrections; and Lieber Correctional Institution,<br>    Defendants. | CASE NO.:  2:25-cv-3840-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

    1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

    2. The Plaintiff, Candice A. Johnson, is a citizen of the State of South Carolina, and resides in Berkeley County, South Carolina.

    3. The Defendant, State of South Carolina, upon information and belief, is a State government entity organized and operating under the laws of the State of South Carolina.

    4. The Defendant, SC Department of Corrections, upon information and belief, is a subset of a State government entity organized and operating under the laws of the State of South Carolina.

    5. The Defendant, Lieber Correctional Institution, upon information and belief, is a subset of a State government entity organized and operating under the laws of the State of South Carolina.

    6. The Defendants are an industry that affects commerce within the meaning of the FMLA.

    7. The Defendants are a "person" within the meaning of the FMLA.

    8. The Defendants employ fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

    9. All employment practices alleged herein were committed within the State of South Carolina.

10. The Defendants operate a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

11. That the Defendants, or governmental subset the Plaintiff worked for, adopted the FMLA and incorporated it into their policies and procedures.

12. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

13. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

14. The Defendants adopted the Family and Medical Leave Act and offered it as a benefit to its employees.

15. On or about October 24, 2022, the Plaintiff began working for Defendants as an Intel Sargent. At all times during her employment, the Plaintiff was efficient and effective in her work.

16. During her employment, the Plaintiff suffered from personal medical issues which constitute a serious health condition as defined by the FMLA.

17. On or about November 13, 2023, the Plaintiff applied for FMLA.

18. On or about December 15, 2023, the Plaintiff's request for FMLA was approved by Defendant.

19. On or about January 8, 2024, the Plaintiff had a conversation with AW Brightharp to "clear the air." The Plaintiff knew that he had an issue with her and wanted to squash it before it got too bad. Following this conversation, Major Holmes ordered Plaintiff to write up an incident report. The Plaintiff was confused by Major Homes request, because there was no incident.

20. On or about January 8, 2024, the Plaintiff also emailed Human Resources and requested that they do not "share" the information regarding the medical conditions underlying her FMLA request. Later that day, the Plaintiff was written up, because Defendants allege that Plaintiff said she was going to use her FMLA to her advantage, which was not true.

21. On or about January 12, 2024, the Plaintiff submitted a complaint to Human Resources alleging FMLA retaliation.

22. On or about January 16, 2024, the Plaintiff's write up was set for a hearing, and Plaintiff made a request to have someone other than the Warden to preside over the hearing, as she felt he was too close to be impartial. The Plaintiff's request was denied.

23. On or about January 17, 2024, the hearing regarding the Plaintiff's write up was conducted. The Warden yelled at the Plaintiff and kicked her out of the hearing as well and terminated her employment.

24. On or about January 22, 2024, the Plaintiff made a formal complaint regarding her termination and Defendants' conduct.

25. On or about February 7, 2024, the Plaintiff received an email stating that she has no grievance rights, even though she had worked for Defendants for a year, and she had not been in the same position for a year.

26. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Interference

27. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

28. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

29. Following Defendants' approval of FMLA, Plaintiff took leave. The Plaintiff was fired afterward.

30. The Defendants' discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute(s).

31. By promptly terminating the Plaintiff, the Defendants failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

32. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

33. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

34. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

35. The Defendants' discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

36. The aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

37. The Defendants' actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

38. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendants, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendants as follows:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendants for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
May 7, 2025.